right. On rehearing. Dismissed, no constitutional question involved. OA. 2 Abs. 760.

18821—W. E. Richey et al. v. Albert Brett, Rec.; motion to Cuyahoga Appeals to certify. On rehearing. Allowed. Dock. 11-14-24; OA. 2 Abs. 760.

18821—W. E. Richey et al. v. Albert Brett, Rec.; motion by deft. to dismiss pet. err. as of right. On rehearing. Dismissed, no const. question.

18877—A. C. Carter Leasing Co. v. Cleveland Union Term. Co. et al.; motion to Cuyahoga Appeals to certify. Overruled. Dock. 12-22-24, 3 Abs. 2.

18877—A. C. Carter Leasing Co. v. Cleveland Union Term. Co.; motion to Cuyahoga Appeals to certify. Overruled.

18877—A. C. Carter Leasing Co. v. Cleveland Union Term. Co.; motion by deft. to dismiss pet. err. as of right and cross-petition in error. Sustained.

18908—Alvia T. Willey, Exec. v. Margaret certify. Overruled. Dock. 1-15-25; OA., 3 Abs. 119.

18908—Alvia T. Willey, Exec. v. Margaret Jane Willey; motion by deft. to dismiss motion to certify. Allowed. OA., 3 Abs. 119.

18910—Cleve., Cinti., Chi. & St. L. Ry. Co. v. Lorain Co. et al.; Motion to Lorain Appeals to certify. Allowed. Dock 1-15-25, 3 Abs. 50.

18917—Jacob H. Firestone v. George D. Bates, Trustee.; motion to Medina Appeals to certify. Overruled. Dock. 1-16-23; OA., 1 Abs. 817.

18919—Thomas Maxedon v. Edgar Stark, as Exec., etc.; motion to Hamilton Appeals to certify. Overruled. Dock. 1-19-25, 3 Abs. 50.

18921—William B. Emline v. Penn. Rd. Co.; motion to Lucas Appeals to certify. Overruled. Dock. 1-19-25, 3 Abs. 66.

18925—William A. Gettles v. Roy Gillen. Motion by resp. to strike pet. from files. Pet. in Quo War. filed. Motion to strike overruled. Leave to amend petition. Dock. 1-22-25, 3 Abs. 66.

18926—Industrial Commission of Ohio v. Steve Nagy; motion to Mongomery Appeals to certify. Allowed. Dock. 1-26-25; OA., 3 Abs. 26.

18937—Foundry Appliance Co. v. Corbett Ratcliff, Admr.; motion to Butler Appeals to certify. Allowed. Dock. 2-4-25, 3 Abs. 82.

18943—Frank M. Powell et al. v. D. S. Craig et al.; motion to Fayette Appeals to certify. Allowed.

18967—Calvin Dummitt et al v. State, ex rel Milburn; motion to Greene Appeals to certify. Allowed. Dock. 2-19-25; 3 Abs. 130.

19016—Harvey Brown v. Board of Education of Darby Tp. Rural School Dist.; motion to Union Appeals to certify. Overruled. Dock. 3-12-25, 3 Abs.

19022—Newark Consumers Gas Co. v. John S. Jones. Licking Co. Appeals, motion to cert. Jones, Jones & Overturf, Delaware, and M. B. Norpell, Newark, for ptff.; Fitzgibbon, Montgomery & Black, Newark, for deft.

## Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABI.
#### No. 287

No. 18611—Theodore S. Wonderly, Guardian, et al. v. Tax Commission of Ohio. Error to the Court of Appeals of Seneca County.

**635. INHERITANCE TAXES—Succession tax for contingent estates, defined.**

DAY, J.

Where a will creates an estate in fee, subject to be defeated, and also provides for contingent estates, the succession tax should be assessed by a temporary order providing for a tax to be imposed upon such succession at the highest rate which on the happening of any such contingency would be possible pursuant to the provisions of Section 5343, General Code, subject to refunders as provided in such act.

Judgment affirmed.

Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

#### No. 288

No. 18680—Butterick Publishing Company v. Maurice Smith and Anna Smith. Error to the Court of Appeals of Hamilton County.

**148. BILLS OF EXCEPTIONS—Absence of supplied by record disclosures.**

DAY, J.

Where a record discloses that a trial court rendered judgment upon "evidence introduced on behalf of each party," there being no finding of facts or bill of exceptions in the reviewing court to affirmatively show what such evidence or facts were upon which such judgment was rendered, the presumption of law is that there was sufficient evidence before the trial court to sustain the judgment.

Judgment reversed.

Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

#### No. 289

No. 18803—State of Ohio v. Annora B. Yeoman. Exceptions to decision of the Court of Common Pleas of Morrow county.

**333. CRIMINAL LAW—Inspection of or copy of written confession in possession of prosecuting attorney, cannot be compelled by defendant.**

JONES, J.

In a criminal case the defendant cannot compel the prosecuting attorney to submit to him or his counsel a written confession, signed by the defendant and in the possession of the prosecuting attorney, for the purpose of inspection and copy. Neither Section 11552, General Code, nor Section 13664, General Code, requires the giving of such inspection.

Exceptions sustained.

Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

#### No. 290

No. 18601—Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. McKenzie Lumber Co. Error to the Court of Appeals of Delaware county.

**209. CARRIERS—1. Final Carrier, who seeks to collect certain freight and demurrage charges having accrued to successive carriers**